IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| FELIPE RUIZ-BASTIDA, | § § | |
| Petitioner, | § § | |
| v. | § § | 2:22-CV-168-Z-BR |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY RELIEF**

Petitioner, Felipe Ruiz-Bastida, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 by a person in federal custody. Having considered the motion, the response, the record, and applicable authorities, the undersigned concludes that relief should be DENIED.

BACKGROUND

The record in the underlying criminal case, No. 2:20-CR-136-Z, reflects the following:

On March 11, 2021, Petitioner was named in a twenty-six count superseding indictment charging him in count one with conspiracy to distribute and possess with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine and 50 grams and more of methamphetamine (actual), and five kilograms and more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846, in count sixteen with distribution and possession with intent to distribute 550 grams and more, but less than five kilograms, of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii), and in count seventeen with possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (CR ECF 207). Petitioner and his attorney signed a plea agreement in which Petitioner acknowledged that his

sentence could be not less than five years or more than forty years' imprisonment, that his sentence would be imposed by the Court after consideration of the sentencing guidelines, that no one could predict what his sentence would be, that he would not be allowed to withdraw his plea if the sentence was higher than expected, and that Petitioner waived his right to appeal or challenge his sentence except in very limited circumstances. (CR ECF 380). Petitioner and his counsel also signed a factual resume setting forth the elements of the offense charged by count sixteen of the indictment and the stipulated facts establishing that Petitioner had committed that offense. (CR ECF 381). Petitioner entered his plea of guilty to count sixteen of the indictment. (CR ECF 463). The undersigned determined that the plea was knowing and voluntary and that the offense charged was supported by an independent basis in fact and recommended that the plea be accepted. (CR ECF 464). No objections were lodged and the Court adopted the recommendation. (CR ECF 505).

The probation officer prepared the presentence report ("PSR"), which reflected that Petitioner's base offense level was 30. (CR ECF 573, ¶ 32). He received a two-level enhancement for possession of a dangerous weapon, (*id.* ¶ 33), and a two-level enhancement for maintaining a drug premises (*id.* ¶ 34). He received a two-level and a one-level reduction for acceptance of responsibility. (*Id.* ¶¶ 40, 41). Based on a total offense level of 31 and a criminal history category of I, Petitioner's guideline imprisonment range was 108 to 135 months. (*Id.* ¶ 78). Petitioner filed objections, (CR ECF 599), and the probation officer prepared an addendum to the PSR. (CR ECF 636).

The Court denied Petitioner's motion for a downward variance and sentenced him to a term of imprisonment of 135 months. (CR ECF 712; CR ECF 896). Counts one and seventeen of the superseding indictment were dismissed. (*Id.*) The Court explained to Petitioner his remaining rights of appeal, reminding him that pursuant to his plea agreement, he had waived the right to

appeal or contest the sentence in a collateral proceeding with just four exceptions, noting that he must file his notice of appeal within 14 days of the date judgment was entered and that he would have the right to appointed counsel if he chose to appeal. (CR ECF 896 at 50–51). In addition, the Court discussed the notice of right to appeal that Petitioner and his counsel had signed, specifically noting that it did not constitute a notice of appeal. (*Id.* at 51–52). Counsel confirmed that he had explained Petitioner's remaining rights of appeal under the plea agreement and that Petitioner understood those rights. (*Id.*) Petitioner did not file a notice of appeal.

## GROUND OF THE MOTION

Petitioner asserts one ground in support of his motion, urging that he received ineffective assistance of counsel because his counsel failed to adequately and accurately consult with him concerning his appellate rights. (ECF 2 at 41; ECF 3). Petitioner avers that he would have appealed because he "received a much longer sentence than [he] expected." (ECF 5, ¶ 4). Specifically, had counsel met with him after sentencing and "explained the potential benefits of appealing the sentence imposed and my right to do so, I would have instructed him to file an appeal on my behalf." (*Id.*).

## STANDARDS OF REVIEW

A. <u>28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or

---

1 The page reference is to "Page 4 of 14" reflected at the top right portion of the document on the Court's electronic filing system. The typewritten page numbers on the form used by Petitioner are not the actual page numbers of the document.

jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

    B. <u>Ineffective Assistance of Counsel</u>

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); see also *Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; see also *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as

having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

Failure to pursue an appeal may constitute ineffective assistance of counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 479–80 (2000); *United States v. Pham*, 722 F.3d 320, 323 (5th Cir. 2013). Counsel only has a constitutional duty to consult with the defendant about an appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480. As Petitioner recognizes, (ECF 3 at 5–6), the duty to consult means advising the defendant about the advantages and disadvantages of appealing and making a reasonable effort to discover the defendant's wishes. *Flores-Ortega*, 528 U.S. at 478. If counsel has not consulted, the court must determine whether the failure itself constitutes deficient performance. But, if counsel has consulted, "the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.*

In this case, the record belies Petitioner's claim that his counsel failed to consult with him about an appeal. The plea agreement reflects that Petitioner understood that the sentence imposed would be at the Court's discretion and that Petitioner could not appeal unless the sentence exceeded

the statutory maximum punishment or was based on an arithmetic error at sentencing. (Petitioner could also challenge the voluntariness of his plea, which he does not do.) (CR ECF 380, ¶ 12). The plea agreement further reflects that Petitioner and his counsel had thoroughly reviewed all legal and factual aspects of the case including the plea agreement itself and that Petitioner was satisfied with the representation of his attorney. (*Id.* ¶ 13). At rearraignment, Petitioner testified under oath that: the plea agreement had been translated for him and he fully understood its terms; he and his attorney had signed the plea agreement; no one had made any promise as to what his sentence would be; he understood that the district judge would impose the sentence in his sole discretion; he and his attorney had discussed the guidelines and how they might apply but no one could predict what his sentence would be; and, he understood that under the plea agreement he had given up his right to appeal except for the circumstances listed in the agreement. (CR ECF 895). Petitioner and his counsel signed a Notice of Right to Appeal, which explained in general the right to appeal. (CR ECF 710). That document was specifically discussed at sentencing and the Court reminded Petitioner that he had waived his right to appeal except in limited circumstances, but nevertheless informed Petitioner that he must file a notice of appeal within 14 days of the date the judgment was entered since the notice he signed did not constitute a notice of appeal. Counsel affirmed that Petitioner understood his rights to appeal. (CR ECF 896 at 51–52).

Petitioner's solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his plea agreement and Notice of Right to Appeal are entitled to that presumption. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Petitioner has failed to show that counsel did not consult with him regarding his right to appeal. Nor has he shown that he reasonably demonstrated to counsel that he was interested in appealing. His conclusory allegations to that effect are insufficient to support his claim. *Miller*,

200 F.3d at 282.

## RECOMMENDATION

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion of Petitioner, Felipe Ruiz-Bastida, be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED September 28, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## *  NOTICE OF RIGHT TO OBJECT  *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).